IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clifford Williams,<br><br>            Petitioner,<br><br>v.<br><br>Craig Apker,<br><br>            Respondent. | No. CV 09-0508-TUC-FRZ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Clifford Williams, presently confined in the Federal Correctional Institution (FCI) - Manchester, Kentucky, has filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Petition). (Doc. 1) Presently pending is Respondent's Motion to Dismiss (Doc. 42).

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 40)

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order summarily dismissing the Petition and this action.

**I.     PROCEDURAL BACKGROUND**

Petitioner is a prisoner sentenced by the Superior Court for the District of Columbia to concurrent prison terms of 30 years for mayhem while armed, aggravated assault while armed, 8 years for carrying a dangerous weapon, and 3 years for assault with a dangerous weapon. *See Williams v. Apker*, 774 F.Supp.2d 124, 126 (D.D.C. March

28, 2011) (Vacated per 2/13/2012 order, Doc. 37, Attachment 1.); *Williams v. Apker*, Motion to Dismiss Petitioner's Petition, 10-CV-522-RMU, 09-CV-508-FRZ at Doc. 28, p. 2.)). Though the sentences were imposed by the Superior Court of the District of Columbia in May 2003, under the National Capitalization Revitalization and Self–Government Improvement Act of 1997, Pub.L. No. 105–33, § 11201(a), 111 Stat. 734 (1997), the custody of inmates, like Williams, incarcerated under the D.C.Code, are designated to the Federal Bureau of Prisons. *See* D.C.Code § 24–101(a). Williams was confined in the United States Penitentiary - Tucson, Arizona at the time he filed his federal habeas petition. (Doc. 1).

The Petition and subsequent proceedings in this case[1] have established that Williams has pursued his remedies by a motion under D.C.Code § 23-110, by a direct criminal appeal, and by a motion to recall the mandate issued by the Court of Appeals for the District of Columbia (DCCA). The papers do not include factual allegations to show that the section 23-110 motion or the motion to recall the Court of Appeals' mandate were inadequate or ineffective.

The Court screened the Petition, and, considering Petitioner a state prisoner for purposes of federal habeas corpus statutes because his conviction and sentence were imposed by the Superior Court of the District of Columbia, and that venue would be proper in the District of Columbia, transferred the Petition to the United States District of Columbia. (*See* Doc. 6)(citing 28 U.S.C. § 1404(a)(A district court may transfer "any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses or in the interest of justice), *Madley v. U.S. Parole Com'n*, 278 F.3d 1306, 1308 (D.C. Cir. 2002)(concluding that a court of the District of Columbia is a state court for purposes of obtaining a certificate of appealability pursuant to 28 U.S.C. § 2253(c)), *Stewart Org., Inc. v. Richo Corp.*, 487 U.S. 22, 29 (1988)(The decision to transfer under § 1404(a) lies within the discretion of

---

[1] Summarized in the Respondent's Motion to Dismiss (Doc. 42, at 2-3).

the district court and should be determined based upon notions of convenience and fairness on a case-by-case basis), and *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497(1973)(Congress has indicated that a habeas case should be "resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.")).

On February 13, 2012, the District Court for the District of Columbia transferred the case back to this Court, noting that *Braden*, *supra*, had been partially overruled by the Supreme Court in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), and, under *Padilla*, a court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner. *Padilla*, 542 U.S. at 442. Though Petitioner is presently confined in FCI Manchester, jurisdiction is proper in this Court because the custody requisite to jurisdiction under section 2241 is determined at the time of the filing of the petition. A subsequent removal of a habeas petitioner does not terminate previously attached jurisdiction after a petitioner properly files a petition naming her immediate custodian; the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release. *Padilla*, 542 U.S. at 441, (citing *Ex parte Endo*, 323 U.S. 283, 307 (1944)).

## II.  SUMMARY DISMISSAL

At the outset of a case, a district court must determine whether it has jurisdiction over a petition filed by a prisoner under section 2241 before proceeding to any other issue. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Further, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases (applicable to section 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243.3 If the petitioner is not entitled to relief, the petition must be summarily dismissed. *Id.*; *Obremski v. Maass*, 915 F.2d 418 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law, but relying upon Rule 4 rather than Rule 12(b)(6)).

With the exception of Petitioner's claim that his appellate counsel was ineffective, all of the claims Petitioner asserts in his petition must first be presented to the Superior Court by motion made under D.C. Code §23-110. *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998) In 1970, Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub.L. No. 91-358 (1970) ("DCCRCPA"), which created a bifurcated local and federal judicial system in the District. *Swain v. Pressley*, 430 U.S. 372, 375 (1977). Among other provisions, D.C.Code § 23-110 was patterned off, and established a remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in the District of Columbia Superior Court who wished to challenge their conviction or sentence. *See* D.C. Code § 23-110; *Swain,* 430 U.S. at 375. The DCCRCPA made this habeas review, where available, exclusive, so that an appeal to the federal system was limited.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section [§ 23–110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C.Code § 23–110(g).

Under this provision of the DCCRCPA, Congress has stripped Article III courts of jurisdiction over habeas petitions where a District of Columbia prisoner was entitled to or already received habeas review under section 23–110 in the Superior Court. Section 23-110, like section 2255, contains a savings clause that provides that a prisoner may challenge a conviction or sentence imposed by the Superior Court for the District of Columbia in a federal habeas petition if the remedy provided under section 23-110 is "inadequate or ineffective" to test the legality of his detention. D.C.Code § 23-110(g); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C.Cir.1986)("[A] District of Columbia prisoner

has no recourse to a federal judicial forum unless the local remedy is 'inadequate and ineffective to test the legality of his detention.'").

In *Swain*, the Supreme Court upheld the constitutionality of section 23-110(g) under the Suspension Clause, opining that the "safety valve" provision of section 23-110 "avoids any serious question about the constitutionality of the statute." *Swain*, 430 U.S. at 381. The Court explained that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Id*. "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F.Supp. 1232 (D.D.C.1992); *cf. Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009)(*en banc*) (a motion under section 23-110 is inadequate and ineffective where claim of ineffective assistance of appellate counsel could not be raised in the Superior Court); *Blair- Bey*, 151 F.3d at 1043 (motion under section 23-110 inadequate and ineffective to challenge parole procedures).

Petitioner's section 23-110 motions were denied. The mere denial of relief, however, does not render the local remedy inadequate or ineffective. *See Garris*, 794 F.2d at 727 ("The question of whether the § 23-110 remedy is inadequate or ineffective is not determined by the fact that the Superior Court of the District of Columbia denied relief.).

Although habeas relief in federal court is available to a District of Columbia Code Offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . Federal court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23 - 110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23- 110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997).

Here, Respondent's motion demonstrates that Petitioner has already applied for and been denied relief under section 23-110. Petitioner has not claimed, and it does not

appear to this Court, that his motion under section 23-110 is or was inadequate or ineffective to test the legality of his conviction and detention. Because the petition does not claim or demonstrate that William's section 23–110 remedy was ineffective or inadequate, the Magistrate Judge recommends that these claims be dismissed for lack of jurisdiction.

A prisoner under sentence imposed by the Superior Court of the District of Columbia who seeks to challenge his conviction on the basis of a claim that his counsel on direct appeal rendered ineffective assistance may do so by filing a motion with the Court of Appeals for the District of Columbia requesting that court to recall its mandate. *Watson v. United States*, 536 A.2d 1056, 1060 (D.C.1987) (noting that ineffective assistance of appellate counsel claims cannot be heard by the Superior Court on a motion made under D.C.Code § 23–110 and instructing that a motion to recall the mandate is the proper procedure for presenting a claim of ineffective assistance of appellate counsel of right); *Williams v. Martinez*, 586 F.3d at 998 (same).

In *Williams v. Martinez,* the United States Court of Appeals for the District of Columbia recognized that, under section 23-110 the district court has jurisdiction to entertain a habeas petition presenting a claim of ineffective assistance of appellate counsel. *Id.* at 1001. The court reversed the district court's dismissal of the petition, and remanded to the district court for a consideration of the merits of a certificate of appealability issue, in light of the standard set forth in 28 U.S.C. § 2254. *Id.* at 1002.

Following *Williams*, several district courts in the District of Columbia have applied *Williams'* directive to make determinations of ineffective assistance of appellate counsel claims "in light of the standard set forth in 28 U.S.C. §2254" to suggest that a writ of habeas corpus may not be granted by the district court unless Johnson can also show that "circumstances exist that render" the remedy by motion to recall the mandate "ineffective to protect [his] rights" 28 U.S.C. § 2254(b)(l)(B)(ii). *See Johnson v. Stansberry*, 2010 WL 35821 (D.D.C. January 29, 2010); *Branch-El v. U.S.*, 2010 WL 737337, (D.D.C. March 2, 2010); *Baisey v. Stansberry*, 777 F. Supp.2d 1 (D.D.C. 2011);

*see also Taylor v. Wilson*, 2011 WL 2292691 (E.D.Ky June 8, 2011)(Denying section 2241 petition raising ineffective assistance of appellate counsel claims and finding that absent a showing that the remedy provided by section 23-110 was inadequate or ineffective, or that petitioner has been denied "any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a non-existent offense" court lacks jurisdiction to entertain claims in habeas). Such interpretation is consistent with Congress's broad purpose in enacting section 23-110. *See Williams*, 586 F.3d at 1004 (Brown, C.J. concurring)(The statute's clear purpose was to shift initial habeas jurisdiction for D.C. prisoners from the federal courts to the District of Columbia courts.)(citing *Byrd*, 119 F.3d 34, 36-37.).

Petitioner filed a motion to recall the mandate, which was denied. Plaintiff has not alleged facts to show that the motion to recall the mandate was ineffective to protect his rights. Therefore, the claim for ineffective assistance of counsel on direct appeal should also be dismissed for lack of jurisdiction. In sum, because the plaintiff has not alleged facts to show that either his remedy by motion under section 23-110, or his remedy by motion to recall the mandate, is inadequate or ineffective to test the legality of his detention, this court lacks jurisdiction to entertain this collateral attack on plaintiff's sentence.

### III.    RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review, enter an order summarily DISMISSING the Petition for lack of jurisdiction.

The Magistrate Judge further recommends that the District Court deny Respondent's Motion to Dismiss (Doc. 42) as MOOT.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days after being served with a copy of this Report and Recommendation.

A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

     If objections are not timely filed, then the parties' right to de novo review by the District Court may be deemed waived. If objections are filed the parties should use the following case number: **No. CV-09-508-TUC-FRZ.**

     Dated this 24th day of May, 2012.

_____
Bernardo P. Velasco
United States Magistrate Judge